UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

8:26-cv-1257-JLB-SPF

HECTOR IVAN DIAZ,

Plaintiff,

v.

APR 29 2026 PM2:47
FILED - USDC - FLMD - TPA

OFFICER RODERICK WILLIAMS,

OFFICER TIBBETTS,

JOHN DOE OFFICERS 1–5, BLANCA ROSADO, LEILANI DIAZ, THERESA

SHAMMASS AND THE JACKSONVILLE SHERIFF'S OFFICE,

WITH, ADBLEGAL,

and OTHER CO-CONSPIRATORS,

Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**(42 U.S.C. § 1983 and 42 U.S.C. § 1985)**

Plaintiff Hector Ivan Diaz, proceeding pro se, alleges:

_____

I. NATURE OF THE ACTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 and 42 U.S.C. §
   1985.

JFP

2. Plaintiff seeks redress for violations of his constitutional rights, including:

    a. Denial of access to courts

    b. Abuse of process

    c. Conspiracy to interfere with civil rights

    d. Deprivation of due process

---

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343.

4. Venue is proper in this District.

---

## III. PARTIES

5. Plaintiff Hector Ivan Diaz resides in Brandon, Florida.

6. Defendant Officer Roderick Williams was, at all relevant times, a law enforcement officer with the Jacksonville Sheriff's Office acting under color of state law.

7. Defendant Officer Tibbetts was likewise acting under color of state law.

8. Defendants John Doe Officers 1–5 are unknown officers who participated in the conduct described herein.

9. The Jacksonville Sheriff's Office ("JSO") is a governmental entity responsible for policies, training, and supervision of its officers.

10. Defendant Teresa Shamas is Plaintiff's estranged spouse who acted jointly with state actors.

## IV. FACTUAL ALLEGATIONS

### A. Background

11. Plaintiff was involved in divorce-related proceedings with Defendant Teresa Shamas.

12. A court order governing the parties allowed limited communication, including:

a. Text messaging

b. U.S. mail

c. Email

provided such communication was non-threatening and related to the divorce.

13. Despite this, Plaintiff's lawful communications were repeatedly mischaracterized as violations.

---

### B. Misuse of Legal Process

14. Defendant Blanca Rosado, Blanca Padilla, Leilani Diaz and Theresa Shamas initiated multiple complaints and allegations using police and their reporting mechanisms to manipulate the legal system of Domestic Violence Injunction against Plaintiff who never assaulted any of the affiants with any physical abuse or an alleged 24 years of abuse, they then established an online GOFUNDME SCAM COLLECTING OVER $7333.00 with false defamation for with the Plaintiff is GRANTED $3,000 by a judge in CULVER COUNTY COURTHOUSE against the Defendants misuse of a

GOFUNDME site against another human claiming false allegations without proof in claim.

15. These included serious allegations that were later proven false.

16. Plaintiff was ultimately acquitted of all Felony charges in a jury trial on June 18, 2025.

17. The allegations were therefore baseless and retaliatory. The injunction at the time permitted contact via email, US mail and text as long as it was about the divorce in a non threatening manner. The defendants alleged the plaintiff did not oblige to the injunction and manipulated the system to get the plaintiff arrested for 21.6 days with false allegations. The defendants used a letter to escalate the case from a misdemeanor event to a felony event and charged the plaintiff with AGGRAVATED STALKING and it was overturned in COURT by JURY TRIAL "NOT GUILTY" Verdict of the letter used to escalate to felony court and The judge acquitted Mr Diaz of all felony charges and only put him under 6 month probation with monitor as requested by the wife only because she said she was afraid for her life. The plaintiff made one visit to his home without a police office on April 4, 2023 knowing the defendants were located at the church at the time of the Easter event. The plaintiff visited the home to say a final goodbye to their family dog Mickey Mccloud and for this 2 minute visit she was able to manipulate the system for his probation after trial was over and sentencing was on June 30, 2025. Probation was completed as a first time offender of the law and she also attended his early termination of probation hearing to sabotage it and ask for more time. The judge in part denied her asking and only gave the defendant a non reporting probation till May 30, 2026.

## C. Law Enforcement Involvement

18. Officers Roderick Williams and Tibbetts responded to and acted upon complaints initiated by Blanca Rosado, Leilani Diaz and Teresa Shamas.

19. These officers participated in repeated attempts to serve Plaintiff with legal documents.

20. At a critical pretrial proceeding, officers were used to attempt service of a frivolous injunction.

21. The presence and actions of law enforcement created intimidation and disruption.

22. The plaintiff was placed under severe emotional distress.

23. The plaintiff was forced to leave the proceeding before it began.

24. The injunction used to justify this conduct was later denied as meritless.

---

## D. Interference with Access to Courts

25. The plaintiff had a constitutional right to pursue his claims in court.

26. Defendants' coordinated actions interfered with that right.

27. The timing of service attempts was calculated to disrupt Plaintiff's participation in legal proceedings.

28. Plaintiff's case was dismissed without being heard on the merits.

29. This constituted a denial of meaningful access to courts.

---

## E. Conspiracy

30. Defendants acted in concert.

31. There was a mutual understanding to use legal processes and law enforcement to interfere with Plaintiff's rights.

32. Officers provided assistance beyond neutral law enforcement functions.

33. Private actor Teresa Shamas acted jointly with state actors.

## V. COUNT I – VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

34. Plaintiff incorporates all prior paragraphs.

35. Defendants, acting under color of state law, deprived Plaintiff of constitutional rights.

36. These include:

a. Right of access to courts

b. Right to due process

37. The right of access to courts is clearly established. See Chappell v. Rich, 340 F.3d 1279 (11th Cir. 2003).

38. Defendants' conduct caused Plaintiff injury, including dismissal of his case and emotional distress.

## VI. COUNT II – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

39. Plaintiff incorporates all prior paragraphs.

40. Defendants conspired to interfere with Plaintiff's civil rights.

41. The conspiracy included:

a. Coordinated misuse of legal processes

b. Strategic timing of law enforcement involvement

c. Use of baseless allegations

42. Defendants acted with intent to deprive Plaintiff of equal protection and access to courts.

43. A §1985 conspiracy requires an agreement and an act in furtherance. See Park v. City of Atlanta, 120 F.3d 1157 (11th Cir. 1997).

44. Defendants committed overt acts in furtherance of the conspiracy.

45. Plaintiff suffered injury as a result.

---

## VII. COUNT III – MUNICIPAL LIABILITY (MONELL CLAIM)

46. Plaintiff incorporates all prior paragraphs.

47. Defendant Jacksonville Sheriff's Office is liable where constitutional violations result from policy or custom.

See Monell v. Department of Social Services, 436 U.S. 658 (1978).

48. JSO failed to properly train and supervise officers regarding:

a. Neutral enforcement of civil process

b. Avoiding participation in private disputes

c. Protection of constitutional rights

49. JSO maintained customs or practices allowing officers to:

a. Participate in private disputes

b. Assist one party in civil conflicts

c. Engage in conduct interfering with court access

50. These failures caused Plaintiff's injuries.

SUPPLEMENTAL FACTUAL ALLEGATIONS

51. Beginning in or about March 2023, Plaintiff's estranged spouse repeatedly contacted the Jacksonville Sheriff's Office and filed numerous police reports alleging violations of an injunction.

52. These reports were made approximately ten (10) times and involved multiple responding officers.

53. The injunction in effect at that time explicitly permitted limited communication between the parties, including:

a. Text messaging

b. Email

c. U.S. mail

provided such communication was non-threatening and related to the parties' divorce.

54. Despite the plain language of the injunction, Defendants treated lawful communications as violations.

55. Officers, including Defendant Roderick Williams and Defendant Tibbetts, knew or should have known the scope of the injunction.

56. Notwithstanding that knowledge, Plaintiff was arrested and charged with felony violations.

57. Plaintiff was detained and incarcerated for approximately twenty-one (21.6) days.

58. The charges were based on allegations that were ultimately determined to be unfounded.

59. On June 18, 2025, Plaintiff was acquitted of all felony charges in a jury trial.

60. The only sustained allegation involved a single, non-threatening visit to the residence on or about April 4, 2023.

61. During that visit:

a. Plaintiff knocked briefly and left

b. No confrontation occurred

c. No threats were made

62. Plaintiff reasonably believed no one was present at the residence at that time.

63. The remaining allegations lacked probable cause.

64. The repeated reports and resulting arrests demonstrate a pattern of misuse of law enforcement processes.

65. Defendants' actions resulted in Plaintiff's incarceration, emotional distress, and loss of legal opportunities.

---

COUNT IV – FALSE ARREST AND UNLAWFUL DETENTION
(42 U.S.C. § 1983 – Fourth Amendment)

66. Plaintiff incorporates all prior paragraphs.

67. Defendants, acting under color of state law, caused Plaintiff to be arrested without probable cause.

68. Probable cause did not exist because:

a. The injunction permitted the alleged communications

b. The allegations were exaggerated or false

c. Officers failed to properly evaluate the legal scope of the injunction

69. A warrantless arrest without probable cause violates the Fourth Amendment. See Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010).

70. As a direct result, Plaintiff was unlawfully detained for approximately 21.6 days.

71. Plaintiff suffered damages including loss of liberty and emotional distress.

---

## COUNT V – MALICIOUS PROSECUTION
(42 U.S.C. § 1983 – Fourth Amendment)

72. Plaintiff incorporates all prior paragraphs.

73. Defendants instituted or continued criminal proceedings against Plaintiff.

74. The proceedings lacked probable cause.

75. The proceedings terminated in Plaintiff's favor, including acquittal on all felony charges.

76. Defendants acted with malice or reckless disregard.

77. A §1983 malicious prosecution claim arises where legal process is used without probable cause and terminates favorably. See Williams v. Aguirre, 965 F.3d 1147 (11th Cir. 2020).

78. Plaintiff suffered damages including incarceration and reputational harm.

---

## COUNT VI – CIVIL RIGHTS CONSPIRACY (ENHANCED §1983)

79. Plaintiff incorporates all prior paragraphs.

80. Defendants reached an understanding to misuse legal process and law enforcement authority.

81. This included:

a. Repeated coordinated complaints

b. Failure to correct known misinterpretations of the injunction

c. Continued enforcement despite lack of probable cause

82. The repeated nature of the conduct supports an inference of agreement. See Bailey v. Board of County Commissioners, 956 F.2d 1112 (11th Cir. 1992).

83. The plaintiff was injured as a result.

---

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

a. Compensatory damages

b. Punitive damages

c. Costs and fees

d. Any other relief deemed proper

## PRAYER FOR ADDITIONAL RELIEF

WHEREFORE, Plaintiff requests:

a. Damages for unlawful arrest and detention

b. Damages for malicious prosecution

c. Punitive damages against individual officers

d. Any additional relief deemed appropriate

---

X. JURY DEMAND

Plaintiff demands trial by jury.

---

Respectfully submitted,

/s/ Hector Ivan Diaz

Hector Ivan Diaz

1315 Oakfield Drive, Unit 320

Brandon, Florida 33511

813-743-0209

hectordiaz98@msn.com